UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA A. FRIEND, | Case No. 2:17-cv-01312-MMD-VCF |
| Plaintiff, | ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| v. | CAM FERENBACH |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.      SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Cam Ferenbach (ECF No. 16) ("R&R" or "Recommendation") regarding Plaintiff Patricia A. Friend's Motion for Reversal and/or Remand ("Motion to Remand") (ECF No. 12) and Defendant Acting Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal ("Cross-Motion") (ECF No. 13). Plaintiff had until June 19, 2018, to file their objections to the R&R (ECF No. 16). To date, no such objection has been filed. The Court has reviewed the administrative record[1] Defendant filed (ECF Nos. 11, 11-1). The Court accepts the R&R and grants Defendant's Cross-Motion.

## II.      RELEVANT BACKGROUND

Plaintiff completed an application for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act ("Act"). (AR 179-187, 188-191). The application was denied. (AR 119-123.) Plaintiff requested reconsideration

---

[1]For ease of reference, the Court hereinafter cites to the administrative record as AR.

1  of the denial (AR 125-26), but the application was again denied upon reconsideration (128-

2  130, 131-133).

3         Plaintiff sought and was afforded a hearing wherein she appeared and testified

4  before an administrative law judge ("ALJ"). (AR 37, 134-35.) The ALJ issued a decision,

5  finding Plaintiff is not disabled under applicable provisions albeit suffering from two severe

6  impairments (AR 14-28). Plaintiff then requested review of the ALJ's decision before the

7  Appeals Council ("AC"). (AR 13.) The AC denied the request. (AR 1-5.) Plaintiff

8  commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and

9  1383(c).

10  **III.    LEGAL STANDARD**

11         This Court "may accept, reject, or modify, in whole or in part, the findings or

12  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a

13  party timely objects to a magistrate judge's report and recommendation, then the Court is

14  required to "make a de novo determination of those portions of the [report and

15  recommendation] to which objection is made." *Id.* Where a party fails to object, however,

16  the Court is not required to conduct "any review at all . . . of any issue that is not the subject

17  of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

18         Congress has limited the scope of judicial review of the Commissioner's decisions

19  to deny benefits under the Act. In reviewing findings of fact, the Court must determine

20  whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C.

21  § 405(g). "Substantial evidence is more than a mere scintilla but less than a

22  preponderance; it is such relevant evidence as a reasonable mind might accept as

23  adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-

24  23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider

25  the entire record as a whole to determine whether substantial evidence exists, and it must

26  consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523

27  (citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may

28         ///

1  not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir.

2  2008). In weighing the evidence and making findings, the Commissioner must also apply

3  the proper legal standards. *Id.* (citations omitted). Courts "may not reverse an ALJ's

4  decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111

5  (9th Cir. 2012).

6      Although this Court need not undertake *de novo* review in this matter, it finds it

7  appropriate to do so in determining whether to adopt Judge Ferenbach's R&R. Upon

8  reviewing the R&R, the administrative record, and underlying briefs, the Court finds good

9  cause to adopt the R&R in full.

10 **IV.    DISCUSSION**

11      Plaintiff challenged the ALJ's decision to give "little weight" to the medical opinion

12 of Plaintiff's treating physician, Dr. Andracki (AR 26), and rejecting her "pain and symptom

13 testimony" in arriving at his disability conclusion. (ECF No. 12 at 10-26.)

14      Generally, "[a] treating physician's opinion is entitled to 'substantial weight." *Bray v.*

15 *Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation omitted).

16 However, the ALJ need not accept a treating physician's opinion that is conclusory and

17 inadequately supported. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ's

18 decision to reject controverted medical opinion must be supported by "'specific and

19 legitimate reasons supported by substantial evidence in the record for so doing." *Lester v.*

20 *Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502

21 (9th Cir. 1983)). "The ALJ can meet this burden by setting out a detailed and thorough

22 summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

23 and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In

24 determining whether to deny benefits, an ALJ may also consider inconsistencies between

25 a doctor's described limitations and the plaintiff's reported daily activities. *See, e.g.*, *Rollins*

26 *v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Moreover, the onus is on the ALJ to

27 ///

28 ///

1    determine credibility and resolve conflicts in medical testimony. *Magallanes*, 881 F.2d at

2    750 (citation omitted).

3        Here, in explaining his decision regarding Dr. Andracki's medical opinion, the ALJ

4    noted that Dr. Andracki's opinion was "conclusory and not supported by his clinical

5    findings" (AR 26). The ALJ gave the most weight—"great weight"—to the opinion of a non-

6    examining physician, Dr. Arnow, whose opinion regarding the material issue significantly

7    comported with the opinion of the examining physician, Dr. Mumford (AR 25). *See, e.g.*,

8    *Thomas*, 278 F.3d at 957 (supporting that opinions of non-treating or non-examining

9    physicians constitute substantial evidence "when the opinions are consistent with

10   independent clinical findings or other evidence in the record"). The ALJ also found that

11   Plaintiff's pain testimony was inconsistent with her daily activities and medical evidence,

12   and the limitations Plaintiff and Dr. Andracki described. (AR 22-25.)

13       Upon reviewing the evidence in the record before the ALJ, this Court agrees with

14   the Magistrate Judge's finding that the ALJ's decision was supported by substantial

15   evidence in "the record or the evidence is open to multiple interpretations" (ECF No. 16 at

16   3). In light of the deferential standard for reviewing an ALJ's decision, *see supra*, Judge

17   Ferenbach concluded the ALJ did not err and recommended affirming the ALJ's decision.

18   (*Id.* at 3, 7.) This Court agrees and therefore accepts and adopts the R&R in its entirety.

19   **V.     CONCLUSION**

20       The Court notes that the parties made several arguments and cited to several cases

21   not discussed above. The Court has reviewed these arguments and cases and determines

22   that they do not warrant discussion as they do not affect the outcome of the motions before

23   the Court.

24       It is therefore ordered that the Report and Recommendation of Magistrate Judge

25   Cam Ferenbach (ECF No. 16) is accepted and adopted in full.

26       It is further ordered that Plaintiff's Motion to Remand (ECF No. 12) is denied.

27   ///

28   ///

4

1    It is further ordered that Defendant's Cross-Motion to Affirm (ECF No. 13) is

2  granted.

3    The Clerk is directed to enter judgment in accordance with this order and close this

4  case.

5    DATED THIS 2nd day of July 2018.

6

7    _____
     MIRANDA M. DU
8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28